**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

TOMAS L.A. CROWLEY,

      Plaintiff-Appellant

    v.

CITY OF BURLINGAME, KANSAS

      Defendant-Appellee.

No. 05-3078
(D.C. No. 04-CV-2078-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL, ANDERSON**, and **BALDOCK**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

      Plaintiff Tomas L.A. Crowley appeals from the district court's

memorandum and order granting summary judgment in favor of defendant City of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Burlingame, Kansas on his claims pursuant to 42 U.S.C. § 1983 for alleged violation of his due process rights and breach of an implied contract under Kansas law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The undisputed relevant facts are set forth in detail in *Crowley v. City of Burlingame,* 352 F. Supp. 2d 1176 (D. Kan. 2005). Briefly, Crowley was employed by the City as a police officer from July 18, 2002, until March 13, 2003, when he was fired by the unanimous vote of City Council.

We review the district court's grant of summary judgment de novo, viewing the evidence and drawing the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1175 (10th Cir. 2001). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1175.

After reviewing the record, we conclude that the district court correctly identified the elements for a due process claim concerning the alleged violation of Crowley's property and liberty interests, as well as for breach of an implied contract. The court then correctly applied the law to the undisputed, material facts. As such, the judgment is AFFIRMED.

Entered for the Court

Stephen H. Anderson

-2-

Circuit Judge